Hat, Judge,
delivered the opinion of the court:
This is a suit brought by an officer of the Navy for the sum of $232.83, made up of two items, the first item being *335 for $122.60 which the officer paid for the transportation of his household effects from Athens, Ga., to San Diego, Calif., for which sum he submitted a claim to the Navy Department, payment of which was denied. The second item is for the sum of $110.23, the cost of transporting his dependents from Athens, Ga., to San Diego, Calif., which sum was first allowed and paid but was afterwards deducted from his pay.
The plaintiff claims under the provisions of the act of Congress of May 18, 1920, 41 Stat. 604, which reads as follows:
“ Sec. 12. That hereafter when any commissioned officer, noncommissioned officer of the grade of color sergeant' and above, including any noncommissioned, officer of the Marine Corps of corresponding grade, warrant officer, chief petty officer, or petty officer (first class) having a wife or dependent child or children, is ordered to make a permanent change of station, the United States shall furnish transportation in kind from funds appropriated for the transportation of the Army, the Navy, the Marine Corps, the Coast Guard, the Coast and Geodetic Survey, and the Public Health Service to his new station for the wife and dependent child or children : Provided, That for persons in the naval service the term ‘ permanent station,’ as used in this section, shall be interpreted to mean a shore station or the home yard of the vessel to which the person concerned may be ordered; and a duly authorized change in home yard or home port of such vessel shall be deemed a change of station: Provided further, That if the cost of such transportation exceeds that' for transportation from the old to the new station the excess cost shall be paid to the United States’by the officer concerned : Provided further, That1 transportation .supplied the wife or dependent child or children of such officer to or from stations beyond the continental limits of the United States shall hot be other than by Government transport, if such transportation is available: And provided further, That the personnel of the Navy shall have the benefit'of all existing laws applying to the Army and the Marine Corps for the transportation of household effects.”
The first proviso in this section defines specifically “.that for persons in the naval service the term £ permanent station ’ shall be interpreted to mean a shore station or the home yard of the vessel to which the person concerned may be ordered.” In the instant case the home yard of the vessel to which' the' plaintiff was ordered was Mare Island, San Francisco, Calif., *336 and. not San Diego, Calif. The plaintiff’s dependents and his household goods began their transportation at Athens, Ga., and ended at San Diego, Calif. The language of the statute is definite, and those claiming under it must be held to its terms. It is not within the authority of a supply officer to change the terms of the act, and to confer benefits upon an officer which are clearly not within the provision of the statute; nor can the court, because of what seems a hardship, construe the act to mean what it plainly does not mean. It is manifestly necessary in putting into force acts intended to confer benefits and privileges upon the officers of the Army or Navy, that some specific rules shall be put into effect which will enable the departments to know just what is being done in enforcing such acts. In this case no written request was made by the plaintiff for the transportation of his dependents or his household effects. The supply officer at Philadelphia granted the request for the transportation of the plaintiff’s dependents from Athens, Ga., to San Diego, Calif., but directed the plaintiff to the supply officer at Mare Island, San Francisco, for authority to transport his household effects. The only authority which the supply officer, either at Philadelphia or San Francisco had was conferred by the statute above quoted, and when the supply officer at Philadelphia granted transportation for the plaintiff’s dependents from Athens, Ga., to San Diego, Calif., he exceeded his authority. The plaintiff in the case of the transportation of his household effects, chose, without waiting for authority from the Navy Department, to transport his household effects at his own expense, and when he submitted a claim for the expense so incurred it was denied by the Auditor for the Navy Department.
We think that the terms of the statute must be strictly complied with, and can not grant the relief asked for in this case.
The petition of the plaintiff must be dismissed. It is so ordered.
Moss, Judge; Graham, Judge; Booth, Judge; and Campbell, Ghief Justice, concur.